Matter of Michele S. (Yi S.) (2018 NY Slip Op 00331)





Matter of Michele S. (Yi S.)


2018 NY Slip Op 00331


Decided on January 18, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 18, 2018

Acosta, P.J., Sweeny, Gische, Andrias, Gesmer, JJ.


5473

[*1]In re Michele S., A Child Under Eighteen Years of Age, etc., Yi S., Respondent-Appellant, Administration For Children's Services of the City of New York, Petitioner-Respondent.


Bruce A. Young, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Eric Lee of counsel), for respondent.
Tamara A. Steckler, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the child.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 19, 2017, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about October 12, 2016, which found that respondent mother neglected the subject child, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother neglected the child by inflicting excessive corporal punishment by scratching and pinching the child with enough force as to cause bruising and scratch marks that were visible days after the incident (see Family Ct Act § 1046[b][i]; Matter of Naomi J. [Damon R.], 84 AD3d 594 [1st Dept 2011]). The child's out-of-court statements to ACS caseworkers that the mother physically abused her were sufficiently corroborated by the caseworkers' testimony as to their own observations of the child's injuries and the mother's testimony that she also saw a bruise on the child's arm (see Matter of Jazmyn R. [Luceita F.], 67 AD3d 495 [1st Dept 2009]; Matter of Fred Darryl B., 41 AD3d 276 [1st Dept 2007]). In addition, the finding that the mother neglected the child by verbally abusing her is supported by a preponderance of the evidence, because the child's out-of-court statements that the mother would tell her that she wished she had not been born and that it cost too much money to get the child out of foster care was corroborated by the mother's testimony (see Matter of Michael M., 24 AD3d 199, 200 [1st Dept 2005], lv denied 6 NY3d 712 [2006]).
In view of our disposition we need not address the alternative basis for the Family Court's finding of neglect.
The mother's challenge to the language in Family Ct Act § 1012(f)(i)(B), "or by any other [*2]acts of a similarly serious nature requiring the aid of the court," as unconstitutionally vague is unpreserved and without merit (see Nicholson v Scoppetta, 3 NY3d 357 [2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 18, 2018
CLERK